# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MNEMANIA, INC., | : | CIVIL ACTION |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL EDWARD FORREST, d/b/a | : | |
| FORREST WALKER FUNERAL HOME, | : | |
| FORREST FUNERAL SERVICES, and | : | |
| ROBERT WALKER FUNERAL HOME, | : | |
|     *Defendant*. | : | No. 20-5209 |

## ORDER

**AND NOW**, this 9th day of June 2021, upon consideration of Plaintiff Mnemania, Inc.'s Motion for Default Judgment (ECF No. 12) and Defendant Michael Edward Forrest d/b/a Forrest Walker Funeral Home, Forrest Funeral Services, Robert Walker Funeral Home's lack of opposition thereto, and for the reasons explained in the accompanying Memorandum, it is hereby **ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 12) is **GRANTED**.

It is **FURTHER ORDERED** that **FINAL JUDGMENT** is entered in favor of Plaintiff Mnemania, Inc. and against Defendant Michael Edward Forrest, d/b/a Forrest Walker Funeral Home, Forrest Funeral Services, and Robert Walker Funeral Home in the total amount of $1 in nominal damages and attorneys' fees and costs of $33,512.48.

It is **FURTHER ORDERED** that Defendant, its agents, servants, employees, and all persons acting under its permission be permanently enjoined from:

A. Using CREMSTAR and any other marks or names consisting of or including CREMSTAR, whether in word or design form, trade name, company name, letterhead, domain name, or designation that is confusingly similar to CREMSTAR, and further that is not at least a safe distance away from CREMSTAR, or is otherwise confusingly similar to Mnemania's

CREMSTAR trademark, and from any attempt to retain any part of the goodwill misappropriated from Mnemania;

  B. Using the name or mark CREMSTAR as a company name, trade name, on any license to operate, or on any form of advertising, or promotion of the business, including but not limited to Defendant's websites, Facebook or any other such social media platform, on signage, either inside the business or outside the business, on business cards, receipts, credit card machines, or any other way customary in the industry;

  C. Maintaining a fictitious entity registration with the Commonwealth of Pennsylvania for "CREMSTAR OF GREATER PHILADELPHIA" or any other entity name that consists of or contains the mark CREMSTAR;

  D. Committing any acts calculated to cause the public or others to believe that Defendant's advertised or offered services originate from, are associated or affiliated with, or are otherwise sponsored, approved, authorized, or endorsed by Mnemania; and

  E. Otherwise infringing Mnemania's trademarks or tradenames.

  **IT IS FURTHER ORDERED THAT MNEMANIA IS HEREBY AUTHORIZED** to:

  1) Present a true and correct copy of this Order to the Commonwealth of Pennsylvania, Secretary of State for the purpose of having the name "CREMSTAR OF GREATER PHILADELPHIA" removed from Plaintiff's business entity; and,

  2) Present a true and correct copy of this Order to the Pennsylvania Funeral Board for the purpose of having the name "CREMSTAR OF GREATER PHILADELPHIA" removed from Plaintiff's business entity; and,

  3) Present a true and correct copy of this Order to Tucows, Inc. for the purpose of having the name and trademark "CREMSTAR OF GREATER PHILADELPHIA" removed from

Defendant's website, and/or to request permanent takedown of any website or webpage that uses the name "CREMSTAR" in any form.

**DEFENDANT** shall prepare, file with this Court, and serve upon Mnemania's counsel within 30 days after service of this Order upon Defendant, a written report, signed under oath, in compliance with 15 U.S.C. § 1116, setting forth in detail the manner and form in which Defendant has complied with this Order.

                                                 **BY THE COURT**

                                                 /s/ Chad F. Kenney

                                               _____
                                               **CHAD F. KENNEY, JUDGE**